IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JONATHAN SANTIAGO ROSARIO** ) | |
| ) | Civil Action No. |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **COMPLAINT** |
| ) | |
| **TRANS UNION, LLC,** ) | |
| **EXPERIAN INFORMATION** ) | **JURY TRIAL DEMANDED** |
| **SOLUTIONS, INC., and CREDIT** ) | **NON-ARBITRATION** |
| **BUREAU OF LANCASTER** ) | |
| **COUNTY, INC. d/b/a LANCASTER** ) | |
| **COLLECTIONS** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

### PRELIMINARY STATEMENT

1.  This is an action for damages brought by an individual consumer, Jonathan Santiago Rosario, against the Defendants for violations of the Fair Credit Reporting Act ("hereafter the FCRA"), 15 U.S.C. §§ 1681, *et seq.* as amended and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter the "FDCPA").

### JURISDICTION & VENUE

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

### THE PARTIES

4.  Plaintiff Jonathan Santiago Rosario is an adult individual residing in Castle Rock, Colorado.

5. Defendant, Trans Union, LLC ("Trans Union"), is a business entity that regularly conducts business in Eastern District of Pennsylvania, and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, PA 19022.

6. Defendant, Experian Information Solutions, Inc. ("Experian") is a business entity that regularly conducts business in Eastern District of Pennsylvania, and which has a principal place of business located at 5 Century Drive, Parsippany, NJ 07054.

7. Defendant Credit Bureau of Lancaster County, Inc. d/b/a Lancaster Collections ("Lancaster Collections") is a business entity that regularly conducts business in Eastern District of Pennsylvania, and which has a principal place of business located at 218 W. Orange St., Lancaster, PA 17608.  The principal purpose of Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

## FACTUAL ALLEGATIONS

8. Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (the "inaccurate information").

9. The inaccurate information includes, but is not limited to, accounts with Lancaster Collections that relate to accounts which were created as a result of identity theft.

10. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's creditworthiness. The inaccurate information consists of accounts and/or tradelines for which the Plaintiff has no responsibility and which are believed to be the result of fraud.

11. Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

12. Plaintiff has disputed the inaccurate information with Trans Union and Experian to their representatives by following Trans Union and Experian's established procedures for disputing consumer credit information. With one or more of Plaintiff's disputes, Plaintiff has provided a proper identity theft report to Trans Union and Experian, pursuant to 15 U.S.C. § 1681a(q)(4).

13. Plaintiff has disputed the inaccurate information with Trans Union and Experian from April 2014 through the present.

14. Notwithstanding Plaintiff's efforts, Trans Union and Experian have sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and Trans Union and Experian continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors and/or failed to reinvestigate Plaintiff's dispute. Trans Union and Experian have repeatedly published and disseminated consumer reports to such third parties from at least April 2014 through the present.

15. Despite Plaintiff's efforts, Trans Union and Experian have never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted all third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information; and (5) performed any handwriting analysis.

16. Notwithstanding Plaintiff's disputes, Lancaster Collections, furnisher of the inaccurate information, has also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes, has willfully continued to report such inaccurate information to various credit reporting agencies, and has failed to mark the above accounts as disputed.

17. Despite Plaintiff's exhaustive efforts to date, Defendants Trans Union, Experian and Lancaster Collections have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable investigations/reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

18. As of result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress, including humiliation and embarrassment.

19. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

20. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

**COUNT I – TRANS UNION AND EXPERIAN**
**VIOLATIONS OF THE FCRA**

21. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

22. At all times pertinent hereto, Defendants were "persons" and "consumer reporting agencies" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

23. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

24. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

25. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendants are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681c-2, 1681e(b) and 1681i.

26. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants are liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### COUNT II – LANCASTER COLLECTIONS
### VIOLATIONS OF THE FCRA

27. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

28. At all times pertinent hereto Defendant was a "person" as that term defined by 15 U.S.C. § 1681a(b).

29. At all times pertinent hereto Defendant was a "furnisher" as that term is used in 15 U.S.C. § 1681s-2(b).

30. Defendant violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

31. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs, as well as such other relief, permitted by law.

### COUNT III – LANCASTER COLLECTIONS
### VIOLATIONS OF THE FDCPA

32. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

33. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

34. Plaintiff is a "consumer" defined by 15 U.S.C. § 1692a(3) of the FDCPA.

35. The above contacts between Defendant and Plaintiff, disputes by Plaintiff and the reporting of inaccurate information to credit reporting agencies by Defendant are "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

36. Any alleged debts at issue arose out of a transaction which was primarily for personal, family or household purposes.

37. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692e(2)(A), 1692e(8), 1692e(10), and 1692f, as evidenced by the following conduct:

(a) The false representation of the amount, character, or legal status of the debt;

(b) The use of false, deceptive, or misleading representation or means in connection with the collection of any debt;

(c) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed; and

(d) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect any debt.

38. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay monies relating to the inaccurate information.

39. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## JURY TRIAL DEMAND

33. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Treble damages;

(d) Punitive damages;

(e) Costs and reasonable attorney's fees; and

(f)     Such other and further relief as may be necessary, just and proper.

                              Respectfully Submitted,

                              **FRANCIS & MAILMAN, P.C**.

BY:     */s/ Mark D. Mailman*
        MARK D. MAILMAN, ESQUIRE
        GREGORY J. GORSKI, ESQUIRE
        Land Title Building, 19th Floor
        100 South Broad Street
        Philadelphia, PA 19110
        (215) 735-8600

        Attorneys for Plaintiff

Dated: February 20, 2015