UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

JONATHAN SANTIAGO ROSARIO,    :    CIVIL ACTION
         Plaintiff,    :
                                     :
      v.    :    No. 5:15-cv-00866
                                     :
TRANS UNION, LLC et al.,    :
         Defendants.    :
_____

\*   \*   \*

APPEARANCES:

    Gregory J. Gorski
    On behalf of Plaintiff

    Scott Edwin Brady (via telephone) and Samantha Green
    On behalf of Defendant Trans Union, LLC

    Jeffrey J. Immel
    On behalf of Defendant Experian Information Solutions, Inc.

    Richard J. Perr
    On behalf of Defendant Credit Bureau of Lancaster County, Inc.

\*   \*   \*

**O R D E R**
(Fed. R. Civ. P. 16 Scheduling Deadlines)

AND NOW, this 4th day of June, 2015, following a preliminary pretrial conference pursuant to Federal Rule of Civil Procedure 16, **IT IS ORDERED** as follows:

1. <u>Deadline for Completion of Fact Discovery</u>.

    (a) All discovery shall proceed forthwith and continue in such manner as will assure that all requests for and responses to discovery will be served, noticed, and completed by **Wednesday, September 30, 2015**.

    (b) The parties shall provide to the other parties the initial disclosures required under Federal Rule of Civil Procedure 26(a)(1) no later than **Friday, June 12, 2015**. With respect to any documents subject to Rule 26(a)(1)(A)(ii), the parties shall provide the other parties with copies of those documents by the aforementioned date.

    (c) Plaintiff shall serve defendant with a comprehensive demand letter with supporting documentation no later than **Friday, July 3, 2015**.

2. <u>Deadline for Completion of Expert Discovery</u>.

    (a) On or before **Thursday, October 15, 2015**, counsel for each party shall serve upon counsel for every other party the information referred to in Federal Rule of Civil Procedure 26(a)(2)(B) by expert report, deposition, or answer to expert interrogatory.

    (b) If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party, counsel shall serve the information on counsel for every other party **within fifteen (15) days of the other party's disclosure**.

3. <u>Settlement Conference</u>.

    All parties have agreed to attend a settlement conference, which will be scheduled by the Court.

    4.    <u>Deadline for Filing of Dispositive Motions – Required Statement of Material Facts Must Accompany Motion</u>.

    (a)    All dispositive motions shall be filed no later than **Monday, November 9, 2015**.

    (b)    Upon any motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, there shall be filed simultaneously with the motion a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried.

    (c)    The papers opposing a motion for summary judgment shall include a separate, short, and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required in the foregoing paragraph, as to which it is contended that there exists a genuine issue of fact to be tried.

    (d)    Statements of material facts in support of or in opposition to a motion shall include references to the parts of the record that support each statement of material fact.

    (e)    All material facts set forth in the statement required to be served by the moving party may be taken by the Court as admitted unless controverted by the opposing party.

    5.    <u>Deadline for Court Ordered Disclosures</u>.  **At least twenty-one (21) days prior to the final pretrial conference**, counsel for each party shall serve upon counsel for every other party:

    (a)    The original or a copy of each exhibit they expect to offer at trial in furtherance of their respective contentions;

    (b)    Curriculum vitae for each expert witness expected to testify; and

(c) A specific identification of each discovery item expected to be offered into evidence.

6. Deadline for Providing Required Copies of Exhibits.

(a) At the commencement of trial, the parties shall provide the Court with three (3) copies of a schedule or listing of exhibits which shall briefly describe each exhibit, number each exhibit, and contain lines or boxes for the Court to enter a check mark when an exhibit has been "identified", "objection", "admitted/not admitted."

(b) **At least seven (7) days prior to the final pretrial conference**, the parties shall provide the Court with three (3) copies of a joint exhibit binder(s) containing a single set of sequentially-numbered trial exhibits. Counsel are directed to refer to Judge Leeson's Policies and Procedures, which are available on the Court's website, for additional details.[1]

7. Prior Disclosure a Precondition to Trial Admissibility. Only those exhibits, discovery items, and expert witnesses identified in the manner set forth in this Order shall be considered by the Court for admission into evidence at trial, unless stipulated to by all affected parties and approved by the Court, or by Order of Court, so as to avoid manifest injustice.

8. Deadline for Filing Pretrial Memoranda.

(a) All parties shall prepare and file with the Clerk of Court their pretrial memoranda in accordance with this Order and the list of items required in Local Rule of Civil Procedure 16.1(c) **at least seven (7) days prior to the final pretrial conference**.

(b) In addition to compliance with Local Rule of Civil Procedure 16.1(c), the parties shall include the following in, or attached to, their pretrial memoranda:

(i) A listing of the identity of each expert witness to be called at trial by the party;

---

[1] http://www.paed.uscourts.gov/documents/procedures/leepol.pdf

    (ii) A curriculum vitae for each expert witness listed;

    (iii) A listing of each fact witness to be called at trial with a brief statement of the nature of their expected testimony (witnesses not listed may not be called by that party in its case-in-chief);

    (iv) An itemized statement of claimant's damages or other relief sought; and

    (v) A statement of any anticipated important legal issues on which the Court will be required to rule, together with counsel's single best authority on each such issue.

  9. <u>Required Statement of Objections in Pretrial Memorandum to Exhibits, Expert Witness Qualifications, Admissibility of Evidence or Admissibility of Opinion Testimony</u>.  Any party having an objection to:  (a) the admissibility of any exhibit based on authenticity; (b) the adequacy of the qualifications of an expert witness expected to testify; (c) the admissibility for any reason (except relevancy) of any item of evidence expected to be offered; or, (d) the admissibility of any opinion testimony from lay witnesses pursuant to Federal Rule of Evidence 701 shall set forth separately each such objection, clearly and concisely, in their pretrial memorandum.  Such objection shall describe <u>with particularity</u> the ground and the authority for the objection.  Unless the Court concludes at trial that manifest injustice will result, the Court can be expected to <u>overrule</u> any objection offered <u>at trial</u> in respect to any matter covered by (a), (b), (c) and/or (d) above, if the Court concludes that the objection should have been made as required by this Order.

10. <u>Deadline for Filing Motions in Limine</u>.  All motions in limine shall be filed with the Clerk of Court **at least fourteen (14) days prior to the final pretrial conference**.  Responses thereto are due **at least seven (7) days prior to the final pretrial conference**.

11. <u>Date of Final Pretrial Conference</u>.  A final pretrial conference for this matter will be held on **Tuesday, February 9, 2016, at 4:00 p.m.** at the Edward N. Cahn Courthouse and Federal Building, Courtroom C, Third Floor, 504 West Hamilton Street, Allentown, Pennsylvania.

12. <u>Deadline for Required Advance Filings of Proposed Jury Instructions and Jury Interrogatories</u>.   If a jury trial is scheduled, the parties shall file in writing with the Clerk of Court and submit to Chambers **electronically in Microsoft Word format to chambers_of_judge_joseph_f_leeson_jr@paed.uscourts.gov**, all of the following:

   (a) One (1) copy of <u>joint</u> proposed jury instructions on substantive issues, which shall accurately quote or cite, as applicable, model jury instructions or case citations from which the instructions were derived, <u>and</u> proposed verdict forms or special interrogatories to the jury;

   (b) One (1) copy of proposed jury instructions, verdict forms, or special interrogatories on those issues not agreed upon by the parties in their joint submission, which with respect to the proposed jury instructions, shall be marked to show the specific words on which the parties do not agree;

   (c) One (1) copy of a <u>joint</u> agreed-upon summary of the case for the Court to read at the beginning of voir dire to advise the venire of the nature of the case and the issues to be tried.  This summary should be very brief and neutral in tone and content.

       (d)      One (1) copy of a <u>joint</u> agreed-upon summary of the case and of applicable law for the Court to read to the jury at the beginning of trial to describe the claims, any counterclaims or defenses, and the elements of the applicable cause of action.  This brief summary should be consistent with Third Circuit Model Civil Jury Instruction 1.2.

       (e)      These filings shall be made **at least seven days prior to the final pretrial conference**;

       (f)      Jury instructions shall be submitted each on a separate sheet of paper, double spaced, with accurate quotes from and citations to cases and pattern jury instructions where appropriate.

    13.    <u>Non-Jury Trials – Deadline for Required Filing of Proposed Findings of Fact and Conclusions of Law</u>.  If a non-jury trial is scheduled, the parties shall file with the Clerk of Court proposed findings of fact and conclusions of law **at least seven (7) days prior to the final pretrial conference**.

    14.    <u>Deadline for Required Filings of Stipulation of Uncontested Facts</u>.  **At least seven (7) days prior to the final pretrial conference**, the parties shall file with the Clerk of Court a complete and comprehensive stipulation of uncontested facts pursuant to Local Rule of Civil Procedure 16.1(d)(2)(b)(2).

    15.    <u>Trial Date</u>.  This case is scheduled for trial as follows:

    Date Certain:  **Monday, February 15, 2016, at 9:00 a.m.** Jury selection for jury trials shall occur at the James A. Byrne U.S. Courthouse, 601 Market Street, Philadelphia, Pennsylvania 19101 on the first day of trial.  The second and all subsequent trial days shall be held at the Edward N. Cahn Courthouse and Federal Building, Courtroom C, Third Floor, 504 West Hamilton Street, Allentown, Pennsylvania 18101.

16.     Trial Attachment Order.  All counsel who have entered their appearances in this case for any party are attached for trial as of this date.

17.     No Further Notices of Trial Date.

COUNSEL PLEASE NOTE:  If this case has been assigned a trial date certain, this Scheduling Order will be the only written notice counsel receive of the date this case will be tried.  Counsel and all parties shall be prepared to commence trial on that date.

18.     Unavailability of Witnesses – Trial Will Not be Delayed.  Because a witness may be unavailable at the time of trial in the manner defined in Federal Rule of Civil Procedure 32(a)(4), the Court expects use of oral or videotape depositions at trial of any witness whose testimony a party believes essential to the presentation of that party's case, whether that witness is a party, a non-party or an expert.  The unavailability of any such witness will not be a ground to delay the commencement or progress of an ongoing trial.  In the event a deposition is to be offered, the offering party shall file with the Court, prior to the commencement of the trial, a copy of the deposition, but only after all efforts have been made to resolve objections with other counsel.  Unresolved objections shall be noted in the margin of the deposition page(s) where a Court ruling is necessary.

BY THE COURT:


/s/ Joseph F. Leeson, Jr.
JOSEPH F. LEESON, JR.
United States District Judge